IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Barbara M., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:21-cv-50088 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Barbara M. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her social security benefits.[2] For the reasons set forth below, the Commissioner's decision is reversed, and the case is remanded.

**I. Background**

Plaintiff reportedly suffers from persistent neck, back, arm and hand pain. To understand the issue presented here some additional background information is required. Plaintiff filed two separate disability applications. The first application was filed in May of 2014 (hereinafter, the "first claim"). The first claim went to administrative hearing in August of 2016. The Administrative Law Judge ("ALJ") in the first claim found that among Plaintiff's severe impairments were recurrent left carpal tunnel syndrome with two surgical releases and congenital bilateral thumb deformities with thenar wasting and reduced right thumb mobility.[3] R. 138. At the

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).
[3] The ALJ also found the following additional severe impairments: degenerative disc disease of the cervical spine; intermittent headaches; anxiety disorder with transient cognitive deficits. R. 138.

hearing on the first claim, Plaintiff alleged that she had left arm and hand pain and numbness, difficulty using her left arm and hand, and tingling in her left fingertips. She reported dropping things frequently due to the left arm and hand pain and numbness. R. 142. Despite two left carpel tunnel release surgeries in October of 2014, and June 30, 2016, Plaintiff claimed that her left arm and hand symptoms persisted. R. 146. Based on the record, including the testimony of an independent medical expert, the ALJ included in Plaintiff's RFC that she can only occasionally perform fingering with her dominant left hand and can only occasionally reach overhead with her dominant left upper extremity. R. 141. Based on the RFC, Plaintiff could not return to her past relevant work but could perform work at a light duty level. R. 153-54. Because she was younger than age 55 and could return to light duty work, she was not a candidate for disability under the Medical-Vocational Guidelines, and thus she was determined not disabled.

Plaintiff refiled for disability benefits in March of 2019 at the age of 56 (hereinafter, the "current claim"). She alleged an onset of disability as of November 10, 2016 (one day after the ALJ's decision in the first claim). Her claim was initially denied on September 20, 2019, and upon reconsideration on February 20, 2020. Thereafter, she filed a written request for a hearing, and a hearing was held before an ALJ on September 15, 2020.

On October 7, 2020, the ALJ issued an unfavorable decision finding Plaintiff was not entitled to benefits. The ALJ found that Plaintiff had the following severe impairment: degenerative disc disease of the cervical and lumbar spine. R. 17. The ALJ determined that Plaintiff's severe impairments did not meet or medically equal a listed impairment. R. 20. The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform light work except she could never climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs; could occasionally balance, stoop, kneel, crouch, and crawl; and must avoid hazards including

unprotected heights and dangerous, moving machinery. *Id*. The ALJ determined that Plaintiff was capable of performing her past relevant work as a patient services representative. R. 23.

Plaintiff requested review by the Appeals Council, which was denied. Plaintiff appealed the ALJ's decision to this Court on March 1, 2021.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (citations omitted). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

## III. Discussion

Plaintiff argues that the ALJ (1) did not properly address the prior ALJ's findings or why she reached a different conclusion than the prior ALJ, specifically with regard to Plaintiff's need for manipulative limitations; (2) failed to consider whether Plaintiff's thumb deformities and carpal tunnel were severe impairments; (3) erred in rejecting Plaintiff's hyperadrenergic condition; (4) failed to properly assess the combined effect of all Plaintiff's impairments; (5) improperly relied on the state agency consultants' opinions; and (6) erred in finding that Plaintiff only had a

3

mild limitation in concentration, persistence, and pace. The Court agrees with Plaintiff that the ALJ failed to address whether her bilateral thumb deformities and carpal tunnel symptoms necessitated the need for manipulative limitations. On this basis alone, remand is warranted.

Plaintiff argues that the "law of the case" doctrine compelled the ALJ in the current claim to adopt the manipulative limitations imposed by the ALJ in the first claim. Plaintiff further argues that even if the "law of the case" doctrine does not apply to bind the ALJ to adopt the manipulative limitations imposed by the first ALJ, the ALJ was at least required to confront the previous restrictions. The Court will take each of these issues in turn.

The gist of the "law of the case" doctrine "is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." *Key v. Sullivan*, 925 F. 2d 1056, 1060 (7th Cir. 1991). In the social security context, the "law of the case" doctrine "requires the administrative agency, on remand from a court, to conform its further proceedings in a case to the principles set forth in the judicial decision, unless there is a compelling reason to depart." *Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998). The Commissioner argues that the "law of the case" doctrine does not apply here because the present case was not before the ALJ on remand from a district court. The Court agrees with the Commissioner that the "law of the case" doctrine does not apply here where Plaintiff filed a new claim for benefits rather than appeal the denial of her first claim.

Plaintiff argues in the alternative that, even if the manipulative restrictions imposed by the first ALJ are not binding on the second ALJ, the prior ALJ's manipulative restrictions and the evidence on which it was based are evidence which should have been confronted in the current claim. This is especially true in this case, Plaintiff argues, because the manipulative restrictions were imposed in a decision issued November 9, 2016, just one day before the alleged onset date

4

in the current claim. This Court agrees. While the ALJ was not bound by the "law of the case" to adopt the manipulative limitations of the first ALJ, the ALJ must build a logical bridge from the evidence to her opinion. *Butler*, 4 F.4th at 501. The ALJ cannot ignore an entire line of evidence or testimony. *See Jarnutowski v. Kijakazi*, No. 21-2130, 2022 WL 4126293, at *4 (7th Cir. Sept. 12, 2022) ("In making a proper RFC determination, the ALJ must consider all of the relevant evidence in the record, even limitations that are not severe, and may not dismiss a line of evidence contrary to the ruling.") (citing *Murphy v. Colvin*, 759 F.3d 811, 817 (7th Cir. 2014)).

Clearly, the current ALJ was aware of the prior ALJ's decision. Not only is that decision part of the record, but the ALJ refers to it in the current claim. R 15. She was also aware that the alleged onset date for the current claim was "one day after the previous unfavorable decision was issued." R. 15. The prior ALJ issued manipulative limitations in the dominant left upper extremity based on the anatomical thumb deformity and ongoing pain, numbness and tingling in Plaintiff's left arm and hand. At the hearing in the current claim, Plaintiff testified that she continues to suffer from the pain and numbness in the left hand. She stated that her insurance no longer covers the physician that performed the prior carpal tunnel release, however she has discussed the ongoing pain with her pain doctor. R. 59. Moreover, in the functional report Plaintiff filed in the current claim, she alleged that she has difficulty feeding herself and preparing meals because she keeps dropping utensils and other objects. R. 279, 280, 287. Carpal tunnel syndrome was described as an active problem by Dr. Bautista in December of 2017 and July of 2018. R. 367-68, 382. Medical records in the current record demonstrate that her left hand is positive for hypothenar with thenar muscle atrophy, R.459-460, as well as bilateral deformed thumbs and short fingers. R. 1031.

Despite the above evidence, the ALJ makes no reference in the current decision to Plaintiff's complaints of left finger and hand pain and numbness, no mention of her bilateral

congenital thumb deformities or thenar atrophy, and no mention of her complaints of problems cooking and feeding herself due to dropping things. Moreover, despite knowing that just one day prior to the alleged disability onset date, the previous ALJ had found that Plaintiff required manipulative limitations in the left upper extremity, the current ALJ failed to address that finding or why those manipulative limitations no longer apply. Finally, despite questioning the VE regarding whether limiting Plaintiff to only occasional handling and fingering with her dominant left arm would prevent her from engaging in her past work, the ALJ never addresses why that limitation was not imposed here.[4] In light of these omissions, this Court cannot trace the path of the ALJ's reasoning. Did the ALJ ignore the previous manipulative restrictions found to exist just one day prior to the alleged onset date here, or did she consider them and determine that they no longer applied? If it was the latter, what was the basis for such a decision? Did the ALJ believe Plaintiff's symptoms were no longer as severe as the prior ALJ found them to be just one day before the alleged onset date in the current claim? These questions must be answered on remand. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F. 3d 345, 352 (7th Cir. 2005) (finding an ALJ's failure to explain how he arrived at his conclusion in an RFC assessment sufficient to warrant reversal).

The Commissioner offers several *post hoc* rationalizations for why the ALJ did not impose manipulative limitations in the current case. Def.'s Resp. at 7-8, Dkt. 22. But because the ALJ did not reference the prior manipulative limitations, the prior expert testimony supporting those limitations or the current complaints of pain and numbness in her decision, this Court does not know why the ALJ failed to adopt manipulative restrictions and the Commissioner's guesses at the reasons underlying the ALJ's decision are of no assistance to the Court.

---

[4] The VE testified that such manipulative limitations would prevent Plaintiff from returning to her past relevant work. R. 63-64. This would result in a finding of disability based on the Medical-Vocational Guidelines if her skills are not transferable. *See* 20 C.F.R. § 404, Subpt. P, App. 2, Rule 202.06; 20 C.F.R. §§ 404.1563(e); 404.1568(d)(4).

The Commissioner alleges that the ALJ did explain why she did not adopt manipulative limitations. The Commissioner states: "The ALJ explained at the hearing that the record did not show any complaints about her hands to her doctors through her DLI in December 2018. AR 59." Def.'s Resp. at 8, Dkt. 22. Contrary to the Commissioner's assertion however, the ALJ provided no "explanation" for her failure to impose manipulative restrictions at the hearing. She simply stated: "Just to be clear, I didn't see any complaints about your hands, though, in the record between November 2016 and the end of December of 2018. Did you talk to any doctors about your left hand during that time?" R. 59. Plaintiff responded that she did speak to her pain doctor about her left hand. R 59-60. Nowhere in her decision does the ALJ reference Plaintiff's allegations of pain in her left hand, or the lack of any medical records supporting her complaints of pain. Nor does the Commissioner provide any legal support for his proposition that questions posed by an ALJ to a claimant at the administrative hearing substitutes for the requirement that the ALJ build an accurate and logical bridge from the evidence to her conclusions or that it supplies the required explanation for the RFC that *Briscoe* requires. *See Briscoe*, 425 F. 3d at 352.

Finally, citing *Cervantes v. Kijakazi*, No. 20-3334, 2021 WL 6101361, at *3 (7th Cir. Dec. 21, 2021), the Commissioner argues that since no medical source opined that Plaintiff was more limited than found by the ALJ, the ALJ committed no error in the RFC finding. However, in the prior claim, and relative to a time period ending just one day prior to the alleged onset date in the current claim, an independent medical expert testified that Plaintiff required manipulative restrictions in her left upper extremity. SSA regulations require an evaluation of all medical opinions in the record. Here, not only was the prior ALJ opinion in the record, but the prior independent expert's testimony was also in the record. R 89-96; *see* 20 C.F.R. § 404.1520c ("We will articulate in our determination or decision how persuasive we find all of the medical opinions

and all of the prior administrative medical findings in your case record."). This is especially true here, where the expert opinion from the prior claim addressed an RFC recommendation (including manipulative limitations) for a time period just one day prior to the alleged onset date for the current claim. *See Barton v. Berryhill*, 116CV03219DMLTWP, 2018 WL 1391366, at *4 (S.D. Ind. Mar. 20, 2018) (remanding where the ALJ ignored a medical opinion that led to an earlier award of benefits where said opinion was rendered less than twelve months prior to date of current application for benefits).

For all of the foregoing reasons, the ALJ's decision is reversed, and the case is remanded for the ALJ to confront the manipulative limitations imposed in the prior claim and address whether those limitations apply in the current claim.[5] By remanding the case, the Court is not indicating that a particular result should be reached on remand. However, given the VE's testimony in the current case that the imposition of manipulative limitations would result in Plaintiff being unable to return to her past relevant work, and as a result may be deemed disabled under the Medical-Vocational Guidelines if her skills are found not transferable, the issue must be discussed in manner that allows a reviewing court to follow the path of the ALJ's reasoning on this important issue.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceeding consistent with this opinion. This Court declines to order a finding

---

[5] In light of this Court's remand, it will not address Plaintiff's remaining arguments. However, any remaining issues not addressed herein can be considered on remand. Plaintiff's counsel should raise all such issues with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

8

of disability based on the record before it. It is more appropriate to remand to the ALJ to properly evaluate the evidence as outlined above and issue a new decision.

Date: September 30, 2022  By: _____
Lisa A. Jensen
United States Magistrate Judge

9